*E-Filed 5/15/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GASPER ABBATE III, | No. C 11-1551 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| MICHAEL MARTEL, Warden, | |
| Respondent. / | |

### INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's motion to dismiss the petition as untimely (Docket No. 12) is GRANTED. The petition is DISMISSED.

### DISCUSSION

**A.     Standard of Review**

Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by

unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

### B.     Timeliness of the Petition

The following facts are undisputed. Petitioner was sentenced on February 26, 1998 in the Alameda County Superior Court. The state appellate court affirmed his conviction on August 25, 1999. The state supreme court denied his petition for review on November 10, 1999. Therefore, petitioner had until February 8, 2001, that is, one year and ninety days from the date the state supreme court denied his petition for review, to file a timely federal habeas petition. The instant petition was filed on March 30, 2011, well after the February 8, 2001 deadline. On this record, absent tolling, the petition is barred by AEDPA's statute of limitations.

### 1.     Statutory and Equitable Tolling

Petitioner alleges that he is entitled to statutory tolling of the filing deadline because he was pursuing his state court remedies. The record does not support such a conclusion. He contends that he filed his first state habeas petition on September 28, 2004, while respondent contends that he filed his first state habeas petition on June 13, 2005. Under either filing date, petitioner is not entitled to statutory tolling. A state habeas petition filed after AEDPA's statute of limitations ended, here February 9, 2001, cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired,

collateral petitions can no longer serve to avoid the statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).  Because petitioner filed his first state habeas petition after the filing date for a federal habeas petition, he is not entitled to statutory tolling on these grounds.

Petitioner also contends that he is entitled to statutory tolling on a separate ground, as well as to equitable tolling.  Petitioner claims he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(D) because, despite his exercise of due diligence, he did not become aware until 2009 of the factual predicate of his claim, that is, (1) the name of a police tipster involved in his case, Juanita Deltoro, and (2) that a relation of his, Rubio, had telephoned petitioner around the time of the offenses.  Petitioner contends that his counsel was ineffective in investigating such information, and perhaps mounting a defense based on it.

Petitioner uses this same purported factual predicate as the basis for his assertion that he is entitled to equitable tolling.  A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and  (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010) at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.")

The state habeas courts rejected petitioner's claims of due diligence and judged his 2009-filed as well as subsequent petitions as being untimely:

> A review of the record reveals that [p]etitioner knew of all the witnesses to whom he refers in the [p]etition at the time of trial, and apparently disagreed with his attorney as to the importance of the witnesses. . . . The record is clear that since 1997 [petitioner] indicated that he felt Rubio and Deltoro were key witnesses, and Rubio is a relative of [petitioner's], but fails to explain why he did not attempt to communicate with her himself prior to 2004. . . . He also fails to offer any explanation as to why he waited until 2009 to file the [p]etition when he had all the triggering information as of 2002.  As to Rubio's latest declaration, [petitioner] fails to explain why he did not seek a more detailed declaration sometime in 2002, shortly after he realized that his appellate counsel would not be [pursuing] the habeas for him.  Moreover, he also fails to explain why, after receiving Rubio's 2004 declaration wherein she indicated that she had spoken to him on the telephone, he did not seek a more

1
2
3
4
>detailed explanation and why he did not pose specific questions for her then. Not only should [petitioner have] been aware of those facts since it is alleged that it was to him that she had spoken, but he also had his suspicions about Deltoro. A delay of about seven years to file the [p]etition is substantial, especially in light of the fact that [petitioner] was aware of the triggering facts since before his trial. Nor do these allegations constitute good cause for the substantial delay in bringing the claim. Therefore the [p]etition is untimely.

5 (Mot. to Dismiss ("MTD"), Ex. F at 7–8.)

6       Based on this record, petitioner has not shown that the factual predicate could not
7 have been found through the exercise of due diligence. Rather, the record shows that
8 petitioner knew of these facts at the time of trial. On such facts, the Court concludes that
9 petitioner has not shown due diligence, nor has he shown that external circumstances stood in
10 his way and prevented timely filing. Also, his lack of legal knowledge is not a sufficient
11 basis to establish equitable tolling. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.
12 2006). Accordingly, he is not entitled to statutory or equitable tolling. Respondent's motion
13 to dismiss is GRANTED.

14     **2.**    **Actual Innocence**

15       Petitioner's assertion that he is actually innocent — and therefore AEDPA's filing
16 deadline is excused in his case — is unavailing. Petitioner has not shown that it is more
17 likely than not that "no reasonable juror would have convicted him," *Schlup v. Delo*, 513
18 U.S. 298, 327 (1995), or that "every juror would have voted to acquit him," *Lee v. Lampert*,
19 653 F.3d 929, 946 (9th Cir. 2011) (en banc) (citing *Schlup*, 513 U.S. at 327) (Kozinski, J.
20 concurring). Petitioner, rather than providing evidence of his actual innocence, gives
21 conclusory statements: "the state of the evidence in this case is incomplete due to trial
22 counsel's constitutionally offensive performance." (Pet.'s Opp. to MTD at 11.) Even if one
23 takes into account petitioner's allegations regarding Deltoro and Rubio, petitioner has not
24 shown how such evidence, judged along with all other available evidence, entitles him to an
25 actual innocence exception to AEDPA's filing deadline. On such a record, respondent's
26 motion to dismiss is GRANTED.

27
28

**CONCLUSION**

For the reasons stated above, respondent's motion to dismiss the petition as untimely (Docket No. 12) is GRANTED.  Accordingly, the petition is DISMISSED.  Judgment will be entered in favor of respondent.  A certificate of appealability will not issue.  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   The Clerk shall enter judgment in favor of respondent, terminate Docket No. 12, and close the file.

**IT IS SO ORDERED**.

DATED:  May 11, 2012

RICHARD SEEBORG
United States District Judge